NOT DESIGNATED FOR PUBLICATION

No. 123,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY T. VAP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed March 26, 2021.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Jeffrey T. Vap violated his probation for a third time resulting in the
district court revoking his probation and ordering him to serve his underlying sentence.
Vap appeals, arguing the district court abused its discretion when it revoked his probation
and ordered him to serve his underlying sentence. Vap filed a motion for summary
disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State
responded to Vap's motion and requested we affirm the district court's judgment. We
granted Vap's motion for summary disposition and, finding no error, we affirm.

Vap, a general contractor, was convicted at a bench trial in 12CR520 of four counts of theft by deception, each in violation of K.S.A. 2011 Supp. 21-5801(a)(2) and (b)(3), a nondrug severity level 9 nonperson felony.

The district court sentenced Vap to consecutive sentences totaling 12 months of imprisonment, based on his criminal history score of I, and then granted him probation for 36 months with 12 months of postrelease supervision. As a condition of probation, Vap was prohibited from working as a self-employed sole proprietor or independent contractor. Vap was ordered to pay $22,795.20 in restitution. Vap appealed his convictions and sentences, and another panel of our court affirmed. See *State v. Vap*, No. 111,798, 2015 WL 4716309, at *1 (Kan. App. 2015) (unpublished opinion).

In December 2013, Vap appeared for a probation violation hearing on allegations he failed to refrain from working as a self-employed sole proprietor or independent contractor as ordered. After the district court found he violated his probation, it ordered Vap to serve a 10-day jail sanction and to pay his restitution.

In July 2014, Vap pled guilty in another criminal case in Sedgwick County, 13CR1531, for three more counts of felony theft by deception. The district court sentenced Vap to 22 months' imprisonment, consecutive to the 12-month sentence in 12CR520. The district court also ordered Vap to pay another $26,000 in restitution and serve a 30-day jail sentence.

In August 2015, the State moved to revoke his probation, alleging Vap again violated the terms of his probation by entering a contract for labor at a private residence and not completing the work. Vap admitted to the alleged violations but argued for leniency because he had removed himself from the construction project and refunded the victim. At a probation revocation hearing, the district court revoked and reinstated Vap's

probation, extended his probation until July 2017, and ordered him to serve a 30-day jail sanction.

In May 2016, the State requested a new warrant, alleging Vap violated the terms of his probation by accepting a cash deposit for a construction job he never started or completed. The district court held a probation revocation hearing in March 2020, and Vap did not contest the allegations from the May 2016 warrant.

In February 2020, Vap tested positive for THC, another violation of the terms of his probation. The district court also acknowledged this violation at the March 2020 hearing where the dispositional hearing was continued to July 2020. At the July 2020 hearing, the district court revoked Vap's probation in this case, 12CR520, and his other case, 13CR1531. The district court ordered Vap to serve his original prison sentence because of his continual failure to comply with the terms of probation. The district court explained Vap was not amenable to probation and, if his sentence was modified again, the district court would be rewarding almost 10 years of neglected obligations to the court.

On appeal, Vap contends the district court erred when it revoked his probation and ordered him to serve his underlying prison sentence because he has significant health issues and has paid restitution to make the victims whole.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Vap has the burden to show the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Vap identifies no error of fact or law underlying the district court's decision. He violated the terms of his probation several times when he continued to work as a self-employed contractor.

At his third probation violation hearing in July 2020, the district court determined Vap had exhausted his opportunities to remain on probation and should not be rewarded for neglecting his obligation to the court for nearly 10 years.

Vap has not demonstrated the district court's decision was arbitrary, fanciful, or unreasonable. The district court was well within its statutory authority and sound discretion to revoke Vap's probation and order him to serve his underlying sentence after twice imposing intermediate sanctions. See K.S.A. 2020 Supp. 22-3716(c)(1)(C). The district court did not abuse its discretion.

Affirmed.